# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0484V
### UNPUBLISHED

| | |
|---|---|
| DONALD FLANAGAN, personal representative of ESTATE OF VIRGINIA FLANAGAN, | Chief Special Master Corcoran |
| Petitioner, v. | Filed: April 26, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On April 22, 2020, Virginia Flanagan ("Mrs. Flanagan") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Upon her death, her husband Donald Flanagan ("Petitioner"), as personal representative of her estate, was substituted as petitioner herein. The petition alleges that Mrs. Flanagan suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of receipt of an influenza ("flu") vaccine on September 10, 2018. Petition at 1; Stipulation, filed at April 26, 2022, ¶¶ 2-4. The petition further alleges that Mrs. Flanagan's injuries lasted longer than six months. Petition at 3; Stipulation at ¶ 4. Respondent "denies that Mrs. Flanagan sustained a SIRVA Table injury; and denies that the flu vaccine caused Mrs. Flanagan's alleged shoulder injury, any other injury, or her subsequent death." Stipulation at ¶ 6.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on April 26, 2022, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

> **A lump sum of $28,000.00, in the form of a check payable to Petitioner as legal representative of the estate of Virginia Flanagan**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

DONALD R. FLANAGAN,                                  )
personal representative of the estate of             )
VIRGINIA FLANAGAN,                                   )
                                                     )
                    Petitioner,                      )
                                                     )
        v.                                           )   No. 20-484V
                                                     )   Chief Special Master Brian Corcoran
SECRETARY OF                                         )
HEALTH AND HUMAN SERVICES,                           )
                                                     )
                    Respondent.                      )
_____)

### STIPULATION

The parties hereby stipulate to the following matters:

1. Virginia Flanagan ("Mrs. Flanagan") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Upon her death, her husband Donald R. Flanagan ("petitioner"), as personal representative of her estate, was substituted as petitioner herein. The petition seeks compensation for injuries allegedly related to Mrs. Flanagan's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mrs. Flanagan received a flu vaccine on or about September 10, 2018.[1]

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mrs. Flanagan sustained a shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table following administration

_____

[1] Mrs. Flanagan also received a pneumococcal polysaccharide vaccine on the same day. Pneumococcal polysaccharide vaccines are not contained in the Table.

of the flu vaccine. He further alleges that she experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of Mrs. Flanagan's condition or her death.

6. Respondent denies that Mrs. Flanagan sustained a SIRVA Table injury; and denies that the flu vaccine caused Mrs. Flanagan's alleged shoulder injury, any other injury, or her subsequent death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$28,000.00** in the form of a check payable to petitioner as legal representative of the estate of Virginia Flanagan. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represents that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable

2

under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Mrs. Flanagan's estate under the laws of the State of Kansas. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Mrs. Flanagan's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Mrs. Flanagan at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Mrs. Flanagan upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as personal representative of Mrs. Flanagan's estate, on his own behalf, and on behalf of the estate of Mrs. Flanagan, and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all

3

demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mrs. Flanagan resulting from, or alleged to have resulted from, the vaccinations administered on September 10, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about April 22, 2020, in the United States Court of Federal Claims as petition No. 20-484V.

14.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further that a change in the items of compensation sought, is not grounds to modify or revise this agreement.

16.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Mrs. Flanagan sustained a SIRVA Table injury; or that the flu vaccine caused any other injury or her death.

4

17. All rights and obligations of petitioner hereunder in his capacity as personal representative of Mrs. Flanagan's estate, shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

_[signature]_
DONALD R. FLANAGAN

ATTORNEY OF RECORD FOR
PETITIONER:

_[signature]_
LEIGH A. FINFER
MULLER BRAZIL, LLP
715 Twining Road, Suite 208
Dresher, PA 19025
(215) 885-1655

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_[signature]_
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

George R.
Grimes -S14

Digitally signed by George R.
Grimes -S14
Date: 2022.04.06 18:10:03
-04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of
  Injury Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_Lara A Englund_
_by [signature] L Pearl_
LARA A. ENGLUND
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-3013
lara.a.englund@usdoj.gov

Dated: 04/26/2022

6